PER CURIAM:
*58 Claimant brought this action for vehicle damage which occurred when his 1997 Plymouth Breeze struck a large hole while he was traveling southbound on Route 52 between Huntington and Tolsia in Wayne County. Route 52 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on June 5,2007, at approximately 3:30 p.m. while claimant was traveling between Huntington and Tolsia High School on Route 52, a two-lane paved road with a speed limit of fifty-five miles per hour. Claimant was returning to his home in Mingo County after taking his father to the hospital, and his father and fiancee were passengers in the vehicle. The claimant was traveling southbound at about fifty-five miles per hour when his vehicle struck a hole located in the southbound lane approximately one to two feet from the white line. Mr. Mullins stated that the weather conditions were clear when his vehicle struck the hole in the pavement. The claimant testified that he was about ten feet away from the hole when he first noticed it, and there were no vehicles around at the time of the incident. Mr. Mullins stated that he traveled on this road about four times a year. Claimant’s vehicle sustained damage to two tires, two rims, and the break system totaling $690.91.
The position of the respondent is that it did not have notice of the hole in question on Route 52. The respondent did not call any witnesses.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the instant case, the evidence established that respondent had at least constructive notice of the hole that claimant’s vehicle struck, and that the hole presented a hazard to the traveling public on Route 52 in Mingo County. The size of the hole leads the Court to conclude that respondent had notice of this hazardous condition, and respondent had an adequate amount of time to take corrective action. Thus, there is sufficient evidence of negligence to base an award. However, the Court is also of the opinion that claimant was negligent in his operation of the vehicle. Since the incident occurred in the afternoon under clear weather conditions, claimant should have seen the hole in the road ahead of him and he should have been able to drive into the adjacent unoccupied lane. In a comparative negligence jurisdiction such as West Virginia, the negligence of a claimant may reduce or bar recovery in a claim. The Court concludes that the claimant was thirty-percent (30%) negligent. Since the negligence of claimant is not greater than or equal to the negligence of respondent, claimant may recover seventy percent (70%) of the loss sustained.
In accordance with the findings of fact and conclusions of law stated herein above, the
Court is of the opinion to and does make an award to claimant in the amount of $483.64.
Award of $483.64.